IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAREE ABDULLAH, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN SCI DALLAS, et al., | : | NO. 06-3885 |
| Respondent | : | |

## MEMORANDUM AND ORDER

Ditter, J.                                                         February   9, 2010

        This case comes before me on a *habeas corpus* petitioner's objections to the Report and

Recommendation (R&R) of a magistrate judge.  The Honorable Carol Sandra Moore Wells,

United States Magistrate Judge, has recommended that the *habeas corpus* petition be denied and

dismissed because the petitioner's multiple claims are either time barred, procedurally defaulted,

or lack merit.  Although I conclude that a *de novo* review of the record was not warranted, I will

overrule Abdullah's objections and adopt the magistrate judge's recommendation that the writ be

denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

        On December 11, 1993, the petitioner, Naree Abdullah, and co-defendants Jermaine

Trice, Gregory Womack, Julius Jenkins, and Atil Finney traveled to North Philadelphia in

Womack's station wagon.  Along the way they picked up Demond Jackson who asked for a ride.

Womack parked the car around the corner from Lilly's Market.  Abdullah, Trice, Jenkins, and

Finney entered the market while Womack and Jackson stayed in the car. Once inside the store,

Jenkins pulled out a gun and shot the store owner through his jaw and neck, causing him to bleed

to death.[1]  Abdullah and the other three men returned to Womack's car with Trice carrying a cash register.  Womack drove the car to Abdullah's house where the cohorts divided the money.[2]  Several days later, Abdullah, Finney, Trice, and Jenkins were arrested after a separate robbery.

On March 13, 1996, at the conclusion of a trial in the Court of Common Pleas of Philadelphia County before the Honorable John J. Poserina, Jr., a jury found Abdullah guilty of second-degree murder, three counts of robbery, and criminal conspiracy.  Abdullah was sentenced to life imprisonment for second degree murder running consecutively with a five to ten year sentence for one count of robbery.[3]

Judge Poserina refused Abdullah's motion for new trial, the Superior Court affirmed the judgment and sentence, and the Pennsylvania Supreme Court refused to allow an appeal.

As a result of a subsequent petition filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq.*, Judge Posserina held a hearing during which Demond Jackson disavowed his trial testimony that Abdullah had accompanied the other defendants into the market.  Instead, Jackson now said that Abdullah had stayed in the car with Womack and him.

Judge Poserina found Jackson's recantation was not credible and again refused a motion for a new trial.  The Superior Court affirmed, concluding that Judge Poserina was correct in making a credibility assessment of Jackson's testimony and rejecting affidavits by Finney and

---

[1] The store owner's wife testified that after seeing the robbers she ran to the back of the store to get her children when she heard the fatal shot.  (Trial Tr. 14, 28,  Feb. 27, 1996)

[2] Jackson refused to take a share of the proceeds.  *Id.*

[3] Abdullah received no additional penalty for the other two robbery counts or for the criminal conspiracy conviction.  *Id.*

Jenkins as being corroborative. Again, the Supreme of Pennsylvania denied an appeal.

Abdullah then filed this counseled petition for federal *habeas* relief pursuant to 28 U.S.C.

§ 2254, raising five issues.

(1) He was denied his Sixth Amendment right of confrontation;
(2) He was tried before a death-qualified jury;
(3) Evidence and comment about an unrelated crime were permitted;
(4) Testimony and comment about the credibility of a prosecution witness were permitted; and
(5) New evidence showed actual innocence.

Subsequently Abdullah filed a traverse[4] claiming a discrepancy between the "factual

findings" of the Pennsylvania Superior Court and those of the trial court that he claims entitle

him to *de novo* review in this court.

In two separate opinions the Pennsylvania Superior Court carefully and thoroughly

considered all of the issues raised in Abdullah's *habeas corpus* petition. First, in its opinion of

June 12, 2001, the Superior Court in dealing with Abdullah's direct appeal ruled upon the merits

of these contentions:

(1) Whether Abdullah's trial should have been severed because a co-defendant faced the death penalty;
(2) Whether Abdullah's trial should have been severed because a co-defendant's redacted inculpatory statement was received in evidence;
(3) Whether the trial court erred in admitting evidence of another crime;
(4) Whether the trial court erred in allowing Police Officer McKeever's testimony about another crime;
(5) Whether there was prosecutorial misconduct in the examination of Officer McKeever;
(6) Whether the trial court erred in allowing Detective Walsh's testimony about the truthfulness of a witness;
(7) Whether there was prosecutorial misconduct in the Commonwealth's closing argument when referring to Walsh's testimony; and

---

[4]A traverse is not a recognized federal pleading. This document is a mixture of answer, new matter, and brief. Following Shakespeare's lead, I accept it no matter what its name.

(8) Whether a new trial could be granted based on after-discovered evidence (co-defendant testimony).

In a thorough and well-reasoned opinion, the Superior Court rejected each of these claims.

In its opinion of May 16, 2005, reviewing Abdullah's PCRA petition, the Superior Court passed on Abdullah's claim that he is entitled to a new trial because of after-discovered evidence.

The magistrate judge issued her R&R recommending that Abdullah's *habeas* claims be denied and dismissed. His timely objections to the R&R re-raised the claims that were presented in Abdullah's original *habea*s petition and additionally asserted several procedural objections to the magistrate judge's report.

## II. THE PROCEDURAL OBJECTIONS

Abdullah first challenges the authority of the magistrate judge to entertain a state prisoner's *habeas corpus* petition that "attacks the constitutionality of the state conviction and sentence as opposed to the conditions of confinement." This claim is simply incomprehensible.

Abdullah this application for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Section 2254 provides that the district court shall entertain the application of a person, like Abdullah, who alleges he is in custody pursuant to a judgment of a state court that violates the United States Constitution. 28 U.S.C. § 2254(a) and (b)(1). Consistent with applicable federal law and the local operating procedures of this court, the Honorable R. Barclay Surrick referred this case to the magistrate judge for a Report and Recommendation.

According to the Magistrate Judges' Act, a judge may designate a magistrate judge to make proposed findings of fact and recommendation "*of applications for post-trial relief made*

*by individuals convicted of criminal offenses* and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B) (emphasis added). Consistent with this statute, Rule 10 of the Rules Governing Section 2254 Cases authorizes the magistrate judge to perform the duties of a district judge consistent with § 636. Clearly, this petition was properly before the magistrate judge.

Next, Abdullah asserts that "the statute does not authorize the magistrate judge to make findings of fact and conclusions of law in connection with a Section 2254 *habeas corpus* petition." Again, Abdullah raises a claim that is contrary to well established law. Section 636 clearly authorizes a district judge to refer state *habeas corpus* petitions to a magistrate judge for the preparation of a report and recommendation subject to the final review and approval of the district judge. Moreover, the magistrate judge relied upon the state court findings of fact, as required by 28 U.S.C. § 2254(e)(1).

Abdullah then vaguely informs me that the magistrate judge's power is subject to the "very limited power prescribed by Rule 10 of the Rules Governing Section 2254 Cases, which includes expanding the record pursuant to Rules 2, 3, 4, 6, and 7." However, Abdullah fails to allege any instance in which the magistrate judge exceeded the power granted her, and I conclude there was none.

Abdullah asserts that the magistrate judge failed to demand strict compliance with the mandatory provisions of Rule 5 of the Rules Governing Section 2254 Cases. Rule 5 governs the exchange of transcripts, briefs on appeal, and opinions. Abdullah alleges that the Commonwealth's response failed to include any brief submitted to an appellate court relating to the conviction or sentence and the trial transcript. He argues that the failure to comply with Rule

5 is not harmless error because "the Commonwealth's response failed to state that the trial judge . . . stated in a written opinion that Mr. Abdullah was seated in a car outside the grocery store when the murder occurred."

Failure to strictly comply with Rule 5 is not an objection to the R&R and is not entitled to *de novo* review. *See Johnson v. Tennis*, No. 05-778, 2007 U.S. Dist. LEXIS 17729, at *11 (E.D. Pa. March 12, 2007). Nevertheless, even if Abdullah's claim was entitled to *de novo* review, it has no merit. According to court records and general practice, the magistrate judge received the entire state court record, including the appellate court briefs, on January 23, 2007. The magistrate judge issued her R&R on March 27, 2007. Therefore, the magistrate judge did not need to demand strict compliance with Rule 5 because she had all state court documents well before she issued her R&R.

### III.    THE  SUBSTANTIVE OBJECTIONS

Abdullah asserts five objections to the magistrate judge's R&R.

First, Abdullah objects to the R&R's description of the standard of review. He contends that the state court decisions should not be given the deference afforded them by the magistrate judge.

Second, Abdullah asserts that he was denied his constitutional right of confrontation under the Sixth Amendment because the trial court admitted his co-defendant's statements in violation of *Bruton v. United States*, 391 U.S. 123 (1968).

Third, Abdullah maintains that his due process rights were violated when the trial court denied his motion for severance and subjected him to a death-qualified jury.

Fourth, Abdullah objects to Officer Walsh's testimony about the credibility of a witness.

Fifth, Abdullah claims that he has demonstrated a "freestanding" claim of actual innocence  so that Officer McKeever's testimony about a subsequent crime should not be procedurally defaulted.[5]

Other than his first contention, these claims are a rehash of matters considered by the Pennsylvania Superior Court.

As provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), an application for a writ of *habeas corpus* will not be granted with regard to any claim made in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States Supreme Court, or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1),(2).  Furthermore, determination of factual issues made by the state court shall be presumed to be correct and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e).

Abdullah contends that he is entitled to the less deferential, pre-AEDPA standards on every issue considered by the state court because there is a difference between the trial court's recitation of one fact and the recounting of that matter by the Superior Court.  Specifically, in his

---

[5] In her R&R the magistrate judge recommended that Abdullah's contention arising from the testimony of Officer McKeever be procedurally defaulted because there was no objection made to it at the time of trial.  Citing *House v. Bell,* 547 U.S. 518 (2006), Abdullah asserts that his actual innocense as shown by Jackson's recantation and the affidavits of Finney and Jenkins overcomes the state's procedural default rule.  Here, however, the rejection of  the recanting and affidavits means that actual innocence was not established (nor reasonable doubt about guilt, the *House* requirement).  Moreover, the Superior Court considered the matter on the merits and concluded there was no trial error.

opinion refusing a new trial, the trial judge said that Abdullah had waited in the car while three of his co-defendants had gone to the store. On the other hand, in rejecting Abdullah's direct appeal, the Superior Court stated that Abdullah had entered the market where decedent was shot.

There are three reasons why Abdullah's assertion must be denied.

First of all, Abdullah swings his scythe too widely. Including both its findings on Abdullah's direct appeal and his PCRA proceedings, the Superior Court passed on nine issues. It simply does not follow that a minor – or even an "enormous" difference as Abdullah characterizes it – between the trial judge's statement and that of the Superior Court as to who left the car infects any more than that particular issue and what might flow from it. And actually, nothing flows from it. The jury found Womack, who admittedly did not leave the car, and Abdullah both guilty of second degree murder and four lesser offenses. Therefore, giving Abdullah the best of it – he did not leave the car – made no difference in the eventual outcome of his trial. Nor could it as Abdullah was convicted of second degree murder as an accomplice, and his acts were sufficient to establish his intent to promote or facilitate the commission of the crime of robbery, thus, he is equally responsible for the crimes of his co-conspirators.

Second, the trial judge was not an independent fact-finder in the sense that a jury determined the facts. He could not and did not purport to make a factual determination as he would have in a non-jury trial. He merely provided a factual background so that his decision denying a new trial could be understood. Moreover, his statement that Abdullah had remained in the car with Jackson and Womack was simply not supported by any evidence. At trial, Jackson said Abdullah left the car. At trial, Keenan Roach testified that as he was approaching the market, he passed within four feet of four men who were going in the opposite direction. One of

8

them was carrying a cash register and another was carrying a gun. *Tr. Feb. 26, 1996*, 140-144.

One of the four had to have been Abdullah. Both the decedent's widow and her sister testified

that three or four men came into the store. In short, there was no trial testimony that Abdullah

remained in the car.

Finally, and most important of all: in setting forth the facts when he was passing upon

Abdullah's PCRA petition, the trial judge said that Abdullah left the car and the Superior Court

made the same finding. Any original discrepancy between the two state tribunals was therefore

eliminated. The AEDPA standard of deference to the state court is applicable in this case.

Where the petitioner's *habeas* issues were considered by the Superior Court, and the state

court decision is consistent with applicable Supreme Court precedent, the decision is entitled to

deference and *de novo* review is prohibited. *See Thomas v. Carroll*, 581 F.3d 118, 124 (3d Cir.

2009) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002) (AEDPA deference "does not require

citation of [Supreme Court] cases - indeed, it does not even require awareness of [such] cases, so

long as neither the reasoning nor result of the state court decision contradicts them.")). Thus,

Abdullah is entitled to federal *habeas* relief only if the Superior Court's determination was

contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28

U.S.C. § 2254(d). In no instance did the Pennsylvania Superior Court reach a decision that was

contrary to or involved an unreasonable application of clearly established federal law nor one that

was based on a unreasonable determination of the facts in light of the evidence presented in the

state court proceedings.

Abdullah's objections are overruled. An appropriate order follows.