IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAREE ABDULLAH : CIVIL ACTION
:
v. :
:
WARDEN SCI DALLAS, et al. : No. 06-3885

**MEMORANDUM AND ORDER**

AND NOW, this 13th day of May, 2015, having considered the *pro se* petition for a second writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Naree Abdullah, I make the following findings and reach the following conclusions:

1. Petitioner is a state prisoner currently incarcerated in the Mahanoy State Correctional Institution in Frackville, Pennsylvania. He is currently serving a life sentence for second degree murder.

2. On August 31, 2006, Petitioner filed a counseled petition with this court seeking *habeas corpus* relief. I denied that petition on February 9, 2010. The United States Court of Appeals for the Third Circuit affirmed the decision on August 14, 2012. The United States Supreme Court denied Petitioner's Petition for Writ of Certiorari on May 13, 2013.

3. Petitioner filed the instant *habeas* petition on April 3, 2015, alleging, *inter alia*, actual innocence. the discovery of new evidence and violations of *Brady v. Maryland*, 373 U.S. 83 (1963).

4. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that before a second or successive *habeas* petition is filed in the district court, the prisoner must first move in the appropriate circuit court for an order authorizing the district court to consider the petition. 28 U.S.C. 2244(b)(3)(A); *see also In re Minarik*, 166 F.3d 591, 609 (3d Cir. 1999).

5. Petitioner has not received authorization from the Third Circuit Court of Appeals to file a successive *habeas* petition related to the instant

conviction. As a result, Petitioner's *habeas* petition must be dismissed.[1]

Based upon the foregoing, **I HEREBY ORDER** that the petition is **DISMISSED WITH PREJUDICE AND WITHOUT A HEARING.**

**I FURTHER ORDER** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Petitioner has failed to make a substantial showing of a denial of a constitutional right.

The Clerk of Court is hereby directed to mark this case closed.

    /s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.

---

[1] Petitioner asserts that he has a pending appeal in the Pennsylvania courts and that on September 4, 2014, he filed a motion in the Third Circuit seeking permission to file a second or successive *habeas* petition. The Pennsylvania docket shows that Petitioner filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., on December 23, 2013, and that no further activity has occurred on his PCRA petition. The docket for the Third Circuit does not indicate that Petitioner has filed a motion to file a second or successive *habeas* petition.